UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMUS BLANKENSHIP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　　Defendant. | Case No. 2:20-cv-02282-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 6<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) FILE AN AMENDED COMPLAINT; OR<br><br>　(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER.<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

　　　Plaintiff Artemus Blankenship is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendant California Department of Corrections and Rehabilitation ("CDCR") violated both his rights and the rights of similarly situated inmates by failing to contain Covid-19. ECF No. 1. I find, for the reasons stated below, that plaintiff has failed to state a cognizable claim. I will give him leave to amend his complaint.

1

Plaintiff has also filed two applications to proceed in forma pauperis. ECF Nos. 2 & 6. The latter makes the required showing, and I will grant it.[1]  I will deny the other as redundant.

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

**Analysis**

Plaintiff brings this class action on behalf of himself and other, similarly situated inmates. ECF No. 1 at 1. He alleges that CDCR has violated their Eighth Amendment rights by failing to protect them from Covid-19. *Id.* at 3-4. Plaintiff argues that CDCR should have released inmates, including himself, and reduced prison crowding. *Id.*

Plaintiff is advised that he may not represent the interests of other inmates in this action *pro se*. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). I recognize that he has requested appointment of counsel in his complaint, ECF No. 1 at 5, but I am without authority to require an attorney to represent him. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I also decline to request the voluntary assistance of counsel at this time. Litigating a class action is demanding and few attorneys have the time, resources, and experience to do so effectively.

With respect to his own interests, plaintiff has not alleged that he has been harmed as a result of CDCR's pandemic response. He does not allege that he has contracted Covid-19. Neither does he allege that his own carceral circumstances pose an especially high pandemic risk toward which prison officials have been deliberately indifferent. Additionally, CDCR is not a "person" within the meaning of § 1983 and plaintiff cannot proceed with an Eighth Amendment claim against the agency. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute.").

I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff

chooses to stand on his current complaint, I will recommend that it be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.
3. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.
4. Failure to comply with this order may result in the dismissal of this action.
5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   February 10, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE